**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JUDICIAL WATCH, INC.,                )<br>425 Third Street S.W., Suite 800        )<br>Washington, DC 20024,                )<br>                                      )<br>                      Plaintiff,        )<br>                                      )<br>v.                                    )<br>                                      )<br>U.S. DEPARTMENT OF JUSTICE,          )<br>950 Pennsylvania Avenue, N.W.         )<br>Washington, DC 20530-0001,           )<br>                                      )<br>                      Defendant.       )<br>_____)  | Civil Action No. |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552. As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street S.W., Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes

the responses and disseminates its findings and the requested records to the American public to

inform them about "what their government is up to."

4.      Defendant U.S. Department of Justice is an agency of the United States

Government and is headquartered at 950 Pennsylvania Avenue, N.W., Washington, DC 20530-

0001.  Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.      On May 10, 2024, Plaintiff submitted a FOIA request to Defendant, seeking

access to:

> 1.      All emails sent to and from Section Chief Dena Perkins
> regarding "whistleblower", "whistleblowers", "O'Boyle",
> "Veritas" and/or "Trump".
>
> 2.      All SF-50s and SF-52s for SC Perkins.

The request identified the time frame as January 1, 2021, to the present.

6.      By letter dated May 17, 2024, Defendant acknowledged receiving item 1 of

Plaintiff's request and assigned it FOIA tracking number, No. 1635407-000.

7.      In the same letter, Defendant denied Plaintiff's request in total, citing FOIA

exemptions for personal privacy and law enforcement methods, 5 U.S.C. §§ 552 (b)(6) and

(b)(7)(c).  Defendant refused to acknowledge whether the records did, or did not, exist, claiming

that doing so would "constitute an unwarranted invasion of personal privacy."

8.      By second letter dated May 17, 2024, Defendant acknowledged receiving item 2

of Plaintiff's request and assigned it FOIA tracking number, No. 1635474-000.  As with item

one, Defendant refused to acknowledge whether records responsive to item two did, or did not,

exist, claiming that doing so would "constitute an unwarranted invasion of personal privacy."

9.     On May 28, 2024, Plaintiff separately appealed both denials using Defendant's online portal.

10.     That same day, May 28, 2024, Defendant acknowledged Plaintiff's appeal regarding item one and advised Plaintiff that the appeal had been assigned Appeal No. A-2024-01781.  By separate letter also dated May 28, 2024, Defendant acknowledged Plaintiff's appeal regarding item two and advised Plaintiff that the appeal had been assigned Appeal No. A-2024-01782.

11.     By January 21, 2025 letter, Defendant issued a blanket denial of Plaintiff's appeal of item 2, citing the personal privacy exemption, 5 U.S.C. § 552(b)(6).

12.     By February 4, 2025 letter, Defendant issued a blanket denial of Plaintiff's appeal of item 1, citing both the personal privacy exemption and the law enforcement exemption, 5 U.S.C. § 552(b)(6) and (7)(C).

13.     In August 2023, the subject of Plaintiff's request, Special Agent Garrett O'Boyle, filed a petition for review of a decision by a federal agency in the D.C. Circuit, *Garrett O'Boyle v. U.S. Dep't of Justice*, Case No. 23-1216, in the course of which Defendant officially acknowledged, among a host of other facts, that O'Boyle was an FBI special agent whose security clearance had been suspended pending the outcome of an FBI Security Division investigation and, as a result, had been suspended indefinitely from the FBI.  In the course of this same proceeding, Defendant also officially acknowledged that Dena Perkins was an official within the FBI's Security Division and that the FBI possessed at least one email communication from Ms. Perkins concerning O'Boyle, again among a host of other facts.

14.     As of the date of this Complaint, Defendant has failed to produce the requested records or demonstrate that the requested records are lawfully exempt from production.

## <u>COUNT I</u>
### (Violation of FOIA, 5 U.S.C. § 552)

15.     Plaintiff realleges paragraphs 1 through 14 as if fully stated herein.

16.     Defendant is in violation of FOIA.

17.     Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with it.

18.     Because Defendant made final determinations on Plaintiff's administrative appeals on January 21, 2025, and February 4, 2025, Plaintiff has exhausted its administrative remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and *Vaughn* indices of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  March 26, 2025                    Respectfully submitted,

                                          */s/  Lauren M. Burke*
                                          Lauren M. Burke
                                          DC Bar No. 1028811
                                          JUDICIAL WATCH, INC.
                                          425 Third Street SW, Suite 800
                                          Washington, DC 20024
                                          Phone: (202) 646-5172

Email: lburke@judicialwatch.org

*Counsel for Plaintiff*